UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DONTRA BALLARD,

                        Plaintiff,　　　　　　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　20-CV-5241 (MKB)
         v.

JAMES DZURENDA, Sheriff, UNKNOWN SERT
TEAM, Nassau County S.E.R.T. Team,
UNKNOWN SERT TEAM, Nassau County
S.E.R.T. Team,

                        Defendants.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Dontra Ballard, proceeding *pro se* and currently incarcerated at the Nassau County Correctional Center, commenced the above-captioned action on October 29, 2020 against Defendants Nassau County Sheriff James Dzurenda and two unnamed members of the Sheriff's Emergency Response Team ("SERT"),[1] pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (IFP Mot., Docket Entry No. 4.)

       For the reasons discussed below, the Court dismisses the action against Sheriff Dzurenda. The action may proceed against the two unnamed members of SERT as set forth below.

---

[1] "The SERT team is an on-call unit [of Corrections Officers with the Nassau County Sherriff's Department] that handles emergency matters involving the extraction of recalcitrant or violent inmates from their cells. Members of this team carry beepers to be able to respond immediately to emergency situations." *Greco v. Cnty. of Nassau*, 146 F. Supp. 2d 232, 238 (E.D.N.Y. 2001).

**I. Background**

Plaintiff alleges that he suffered shoulder injuries due to multiple encounters with members of the SERT.[2] (Compl. 6.) On May 26, 2020, Plaintiff sought treatment from a Nassau County Correctional Center ("NCCC") nurse for shoulder pain due to a recreational-related injury. (*Id.* at 6.) The NCCC nurse examined Plaintiff's right shoulder and informed him that it was dislocated. (*Id.*) Plaintiff was sent to Nassau County Medical Center where he had x-rays taken and his shoulder was realigned the next day. (*Id.*)

On June 11, 2020, while housed in NCCC's medical unit, D-2-D, bed C, for rehabilitation on his shoulder, multiple unnamed SERT officers ordered him out of the room. (*Id.*) Two officers ordered him to put his hands on the wall above his head. (*Id.*) Plaintiff informed the officers of his shoulder dislocation but one unknown officer "told [him] to shut up and took control of [his] hands [and] forced them high onto the wall." (*Id.*) Plaintiff "felt a rip and pop" from his shoulder and "yelled out in pain." (*Id.*) He was then handcuffed behind his back for "over [thirty] minutes to an hour." (*Id.*)

On June 18, 2020, between 3:00 PM and 5:00 PM, "the same situation occurred again" in which "once again[,] [the SERT officers] ignored [Plaintiff's] complaint of pain caused by them." (*Id.* at 3, 6.) On June 19, 2020, Plaintiff was taken to Nassau University Medical Center for an MRI of his right shoulder. (*Id.* at 6.) On June 22, 2020, Plaintiff learned that his June 19, 2020 MRI revealed torn muscles and a fracture in his right shoulder that would require surgery to repair. (*Id.* at 6–7.) On July 16, 2020, Plaintiff left the medical unit and was returned to the

---

[2] The Court assumes the truth of the factual allegations in the Complaint for the purpose of this Memorandum and Order. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (noting that at the pleading stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint).

general population, housing unit E-2-B, where he "was involved in a physical altercation where officers maced and slammed [him] to the ground," pinned his right arm under his body, and then "pull[ed] and twist[ed]" his arms to cuff them "behind [his] back as [he] screamed about [his] shoulder." (*Id.* at 7.) Plaintiff felt a "rip and [a] pop." (*Id.*)

Plaintiff seeks damages for his injuries. (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to raise the strongest arguments they suggest" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994))); *Harris v. Mills*, 572 F.3d 66, 72

3

(2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally" (citing *Erickson*, 551 U.S. at 72)).

Similarly, the Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted, but mandatory). In addition, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### b. Plaintiff does not state a claim against Sheriff Dzurenda

The Court dismisses Plaintiff's claim against Sheriff Dzurenda because Plaintiff does not state a claim against him.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations omitted). A plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell*

4

*v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted) (citation omitted)).

Although Plaintiff names Sheriff Dzurenda in the caption of the Complaint, there are no factual allegations concerning him in the body of the Complaint. (*See generally* Compl.) Plaintiff has not alleged the direct participation of Sheriff Dzurenda in any of the wrongdoing alleged in the Complaint, nor any basis upon which to find him liable in a supervisory capacity. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (holding that an "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996))). A complaint based upon a violation under section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010); *McIntyre v. Armor Corr. Health, Inc.*, No. 11-CV-6388, 2012 WL 601433, at *3 (E.D.N.Y. Feb. 16, 2012) (dismissing the Nassau County Sheriff where, although mentioned in the caption, the complaint did not assert any facts against him). Accordingly, the Complaint against Sheriff Dzurenda is not plausible and is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Farid*, 593 F.3d at 249; *Farrell*, 449 F.3d at 484; *Ashcroft*, 556 U.S. at 676.

### III. Conclusion

Accordingly, the Court dismisses this action against Sheriff Dzurenda for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk of Court is respectfully requested to amend the caption to reflect his dismissal.

The Court directs the Nassau County Attorney, in accordance with *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (per curiam), to ascertain the full name and service address of the two "unknown SERT" member Defendants involved in the alleged incidents on June 11, 2020 and June 18, 2020 in the NCCC's medical unit D-2-D and on July 16, 2020 in NCCC's housing unit E-2-B.  The Nassau County Attorney need not undertake to defend or indemnify these individual officers merely because of the issuance of the order.  This order provides a means by which Plaintiff may properly serve Defendants.  Once this information is provided, the Complaint shall be deemed amended to reflect the full name and badge number of these corrections officers, a summons shall be issued, and the Court shall direct service on these Defendants.

The Court refers this matter to the Honorable Steven I. Locke, United States Magistrate Judge, for pretrial supervision.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff at the address of record.

Dated: December 4, 2020
         Brooklyn, New York

                                        SO ORDERED:

                                         ____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge

6