UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DONTRA BALLARD,

               *Plaintiff,*

       -against-

JAMES DZURENDA, *Sheriff*, *et al.*,

            *Defendants*.
---------------------------------------------------------------X

**ORDER**

20-cv-05241 (MKB) (JMW)

**A P P E A R A N C E S:**

    Aishling Fitzpatrick
    Marisa L. Manzi
    **King & Spalding LLP**
    1290 Avenue of the Americas, Fl 14
    New York, NY 10104

       *-and-*

    Mara Fleder
    **Wertheimer Fleder LLP**
    14 Wall Street, Ste 4c
    New York, NY 10005
    *Attorneys for Plaintiff*

    Steven V. Dalton
    **Office of the County Attorney**
    1 West St
    Mineola, NY 11501
    *Attorney for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff Dontra Ballard ("Plaintiff") commenced this action, initially pro se, asserting

three causes of action against the Defendants[1] (the "Defendants") for excessive force, deliberate

---

[1] Defendants include (i) Sheriff James Dzurenda, (ii) Captain Donnahue, and (iii) the following Special Emergency Response Team ("SERT") offers: Sergeant Peter Lilli, Shield #139; Corporal Emmanuel

1

indifference, and cruel and unusual punishment in violation of the Eighth Amendment for the alleged incidents that occurred at the Nassau County Correctional Center ("NCCC"). (*See* ECF Nos. 60, 161.) Plaintiff appeared pro se for almost five years, but in August of 2025, counsel filed an appearance on behalf of Plaintiff. Since counsel recently appeared in this matter on behalf of Plaintiff, the Court allowed further limited discovery. (*See* ECF Nos. 136, 182.)

The parties are now before the Court, pursuant to Federal Rule of Civil Procedure 37, on Plaintiff's motion for discovery sanctions against the Defendants for their failure to respond to Plaintiff's interrogatories and document demands.  The final discovery deadline of December 31, 2025 was set by the Court's September 1, 2025 Order (the "September Order") (*See* ECF Nos. 185, 189.)

Plaintiff seeks fees and expenses for Plaintiff's extensive efforts in attempting to secure discovery from Defendants and for the time and expense incurred in the preparation of this motion. (*See* ECF No. 189 at 1, 6.) Defendants freely admit not producing discovery notwithstanding the court-ordered deadline. They oppose on the grounds that non-production is not based on willfulness and Defendants have "undertaken diligent efforts to meet its discovery obligation[s]." (ECF No. 191.) A hearing was held on February 19, 2026. (*See* Electronic Order dated 2/19/2026.) For reasons that follow, Plaintiff's Motion for Sanctions (ECF No. 189) is **GRANTED.**  Defendants are hereby directed to reimburse Plaintiff the costs and attorneys' fees associated with the filing of the instant motion.

---

Boudouris, Shield # 370; Corporal Robert Imhof, Shield #296; Corrections Officer Paul Voight, Shied #2159; Corrections Officer Mathew Grange, Shield # 2619; Corrections Officer Alfonzo Incammaicia, Shield #2723; Corrections Officer Robert Murray, III, Shield #2897; Corrections Officer Joseph Greco, Shield # 2719; Corrections Corporal Joseph Ganun, Shield #358; Corrections Officer Kieran Kirk, Shield # 3063; and Corrections Officer Brian Herold, Shield # 3186.

**RELEVANT BACKGROUND**

While this case was trial ready, following the pretrial conference, Hon. Chief Judge Margo K. Brodie referred the parties to the undersigned for a settlement conference. (*See* Electronic Order dated 6/24/2025.)  The settlement conference was held with Plaintiff appearing pro se but the case did not resolve. (*See* Electronic Order dated 7/23/2025.) Shortly thereafter, Plaintiff retained pro-bono counsel, and the Court held a status conference. At that conference, the parties discussed Defendant providing discovery to Plaintiff's new counsel. (ECF No. 182.) The parties were also directed to propose a new limited discovery schedule, and the following schedule was set: (i) all fact discovery is to be completed by December 31, 2025, and (ii) all discovery, including expert discovery shall be completed by March 13, 2026. (ECF No. 183; Electronic Order dated 9/1/2025.) While the Court was led to believe discovery was moving apace, Plaintiff moved for a pre-motion conference stating that,

(i)     Plaintiff served requests for the production of documents and interrogatories on September 19, 2025, and September 22, 2025, via email to the prior two lead attorneys, who are no longer with the County,

(ii)    Plaintiff's counsel was not able to reach counsel for Defendants despite numerous emails and calls to various attorneys at the Nassau County Attorney's Office, until "finally making contact" with another attorney, and serving them with the requests,

(iii)   Defendants were to provide responses or objections by October 22, 2025, as agreed upon and failed to do so, and

(iv)    Defendants were to provide production or "substantially complete the requests" by November 21, 2025, as agreed upon and failed to do so.

(*See* ECF No. 185.)

Nicholas Zotto then appeared as new counsel for Defendants and requested an extension of time to complete discovery, which was denied with leave to renew. (ECF Nos. 186-87; Electronic Order dated 12/3/2025.) The Court held a pre-motion conference to address the

3

extension request and the anticipated discovery sanctions motion.  At the conference, Steven

Dalton (not Nicholas Zotto), appeared on behalf of the County. Mr. Dalton did not seek an

extension of time to complete discovery and candidly informed the Court that discovery still had

not been produced. (*See* Electronic Order dated 12/15/2025.) Given those circumstances, the

Court entered a briefing schedule on the instant motion. (*Id.*) The instant motion was fully

briefed as of January 30, 2026. (ECF Nos. 189, 191-92.)

According to Plaintiff, to date, Defendants have neither produced the discovery nor

responded to interrogatories. (*See* ECF No. 192 at 2.) ("Nevertheless, even since defense

counsel's participation in the December 15, 2025 conference, Defendants have not completed

document productions, addressed any of the deficiencies in the existing productions identified by

Plaintiff's counsel, or even responded to Plaintiff's September 22, 2025 interrogatories.")

Defendants admit discovery is not complete. Rather, Defendants argue that the instant

application should be denied "because the incompleteness of discovery and the noncompliance

with the Order is not a result of willfulness on the part of Nassau County and the County has

undertaken diligent efforts to meet its discovery obligations." (ECF No. 191 at 2.) Indeed, at oral

argument, the Court was informed that there has been no production or responses provided since

the filing of the instant motion. The conduct exhibited in this case by Nassau County has become

all too familiar. *See e.g., H.B. by Lotrean v. Cnty. of Suffolk et al.*, No. 24-CV-07067 (SJB)

(JMW), 2025 WL 3653499, at *3 (E.D.N.Y. Dec. 17, 2025) (granting motion for discovery

sanctions against Nassau County); *Kosowski v. Nassau Cnty.*, 350 F.R.D. 346, 355 (E.D.N.Y.

2025) (finding Nassau County in contempt for failure to comply with discovery orders); *see also*

*Hasper v. County of Nassau et. al.*, Case No. 2:20-cv-02349-RER-LGD, ECF No. 97 (where the

Hon. Lee G. Dunst held a status conference of multiple cases involving Nassau County to address the "history of delays" in those cases). [2]

## **THE LEGAL FRAMEWORK**

"The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." *Perros v. Cnty of Nassau*, CV 15-5598 (GRB)(AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021) (noting that "Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information") (internal quotation and citation omitted); *see also Charles v. Cnty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015) ("Failure to timely produce documents during the discovery period is a violation of discovery rules, subject to sanctions pursuant to Rule 37."); *Samonte v. Wanat*, No. 13-CV-226 (MKB), 2014 WL 1817605, at *6 (E.D.N.Y. May 6, 2014) (same). With this discretion, the Court is afforded a wide panoply of options once it is determined that discovery sanctions are warranted. "Rule 37 provides a district court with a wide range of sanctions which it may apply to a wide range of circumstances – potential sanctions extend from payment of expenses and similar monetary sanctions at one end of the spectrum to default judgment on the other." *Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.*, No. 17-CV-6499 (ADS)(AKT), 2019 WL 2436239, at *5 (E.D.N.Y. Mar. 6, 2019), *report and recommendation adopted*, 2019 WL 1986606 (E.D.N.Y. May 6, 2019).

When a party exhibits misconduct that warrants a sanction, but the misconduct is not as offensive as to warrant striking of the answer and entry of default, courts will impose other, less draconian sanctions. *See, e.g.*, *Abante Rooter & Plumbing, Inc.* 2019 WL 2436239, at *6.

---

[2] Notwithstanding the history outlined here, the Court does recognize that Mr. Dalton and the County have since recently taken steps to rectify the deficiencies in this and other cases which this Court sees and appreciates.

("[T]he Court concludes that a default judgment as a sanction under Rule 37 would not be appropriate in the instant circumstances. However ... in the absence of any justification for [Defendant's] conduct, it is clear to the Court that some form of sanction under Rule 37 is appropriate"); *Airlines Reporting Corp. v. Grecian Travel, Inc.*, 170 F.R.D. 351 (E.D.N.Y. 1995) ("Here, [Defendant's] actions do not quite reach the level where such extreme sanctions should be imposed ... [Defendant's] dilatory behavior warrants an order compelling discovery").

Rule 37 authorizes sanctions in the form of "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designate claims or defenses, or from introducing designated matters in evidence," and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii). Moreover, pursuant to Fed. R. Civ. P. 37(d), the court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Under this provision, sanctions include "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)" in addition to "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(3).

"The two predicates to the imposition of sanctions under Rule 37(b) are (1) a 'court order directing compliance with discovery requests," and (2) "non-compliance with that order[.]'" *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d 345, 356 (S.D.N.Y. 2023) (quoting *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15-CV-3533 (CM) (BCM), 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017)). "A party that fails to cooperate in discovery or comply with court orders is subject to sanctions under Rule 37 of the

6

Federal Rules of Civil Procedure." *Stavola v. Macro Digital Tech. Corp.*, No. 24-CV-00026 (GRB) (JMW), 2025 WL 2466991, at *1 (E.D.N.Y. Aug. 27, 2025) (quoting *Allied 100, LLC v. Chadha*, No. 20-CV-03493 (AMD) (PK), 2021 WL 7184241, at *6 (E.D.N.Y. July 26, 2021)). Importantly, "[b]ad faith" is a pre-condition for imposing sanctions under the Court's inherent power whereas a showing of bad faith is not required under Rule 37. *Pincus Law Group, PLLC, v. Majenica Lynn Springer & MJ Connections Inc.*, No. 23-CV-05528 (SJB) (JMW), 2026 WL 323048, at *7 (E.D.N.Y. Feb. 6, 2026) (quoting *CSL Silicones Inc. v. Midsun Group Inc.*, No. 14-cv-01897 (CSH), 2016 WL 3568173, at *5 (D. Conn. June 27, 2016)). It follows, therefore, that "Rule 37 sanctions ... may be imposed 'notwithstanding a lack of willfulness or bad faith ....'" *Id.* (quoting *Richards v. Kallish*, No. 22-cv-9095 (CS) (VR), 2024 WL 180869, at *6, n.8 (S.D.N.Y. Jan. 17, 2024)).

It is against this backdrop that the Court considers Plaintiff's motion for sanctions.

### **DISCUSSION**

Defendants freely and unabashedly admit to their failure to comply with this Court's September Order (*see* ECF No. 183). (*See* ECF No. 191 at 2; Electronic Order dated 9/1/2025.) Defendants aver that the County "has undertaken diligent efforts to provide the required discovery to the plaintiff. Those efforts included reaching out to the Sheriff's Department and personally going to retrieve the files so that the documents could be scanned and provided to opposing counsel … [and] provided the entirety of the documents provided to me by the Sheriff's Department within hours of my receiving the documents." (*Id.* at 2-3.) However, to date, all responses and documents have not been produced. *See McNamee v. Clemens*, No. 09-CV-1647 (SJ), 2014 WL 12775660, at *4 (E.D.N.Y. Jan. 30, 2014) (finding defendant's decision not to produce responsive documents in violation of the court's order amounted to sanctionable

7

conduct).  Thus, Plaintiff brings this instant motion seeking (i) an award of fees and expenses for his efforts to engage with Defendants and in preparing this motion, and (ii) compelling Defendants to respond to discovery requests. (ECF No. 189 at 6.)

Accordingly, finding noncompliance with the September Order directing compliance with discovery requests, the next step is to fashion an appropriate remedy. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 673 F. Supp. 3d at 360 (analyzing whether monetary sanctions are appropriate after determining defendants failed to comply with prior courts orders).

In light of Defendant's recalcitrant conduct, pursuant to Rule 37, the Court orders the following: *first,* Defendants are compelled to produce *all* outstanding discovery, namely the requested document production and responses to the September 22, 2025 interrogatories, by **March 6, 2026**, and file a letter on ECF confirming their compliance. To the extent that documents do not exist or are not found, Defendants are directed to provide Plaintiff a so-called *Jackson* affidavit with respect to those documents by **March 6, 2026**.[3]  Furthermore, all objections to the discovery demands have been waived, which Defendants' counsel on the record. *See* Fed. R. Civ. P. 34(b)(2); *see also Tedaldi v. Am. Paving Inc.*, No. 24-CV-5011 (SJB) (JMW), 2025 WL 1349033, at *2 (E.D.N.Y. Apr. 23, 2025) (collecting cases on this principle); *C.K. through P.K. v. Bassett*, No. 22-CV-1791 (BMC)(JMW), 2023 WL 4086333, at *5

---

[3]  A "*Jackson* affidavit" refers to an affidavit or declaration filed by a party that claims that the documents sought do not exist. The affidavit, deriving its name from a New York state case *Jackson v. City of New York*, 586 N.Y.S.2d 952 (N.Y. App. Div. 1st Dep't 1992), should include statements that (i) a thorough search has been conducted where the documents would likely reside, (ii) the results of the search, and (iii) an explanation of where and how the documents would have been maintained. Therefore, Defendants in their "*Jackson* Affidavit" shall detail the good faith search efforts taken to obtain the requested documents, explaining, at a minimum, where these records were likely to be kept, what efforts were made to preserve them, whether these records were routinely destroyed, or whether a search has been conducted in every location where the records were likely to be found.

(E.D.N.Y. June 20, 2023) (same); *Eldaghar v. City of New York Department of Citywide Administrative Services*, No. 02-CV-9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.... Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."). Accordingly, objections –with the exception of any privileged matters – are waived. *See* Fed. R. Civ. P. 34(b)(2).

Plaintiff also requests an award of fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5) for efforts made to engage with Defendants and in preparing this motion as well as compelling Defendants to respond to Plaintiff's requests "by February 2"[4] and certifying their search. (ECF No. 189 at 6.)

Fed. R. Civ. P. 37 explicitly provides that if a discovery motion is granted, a court must require the non-compliant party to pay attorney's fees or the moving party's reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5); *see also Adler v. Sonotec US Inc.*, No. 23-CV-1634 (GRB) (ST), 2025 WL 2614993, at *9 (E.D.N.Y. Sept. 10, 2025) (citing Fed. R. Civ. P. 37(a)(5)(A) ("when a discovery motion is granted pursuant to Rule 37, the Court must 'require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.'")). At bottom, if a party disobeys a court order to produce discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable

---

[4] This date is impracticable given that the instant motion was only fully briefed only on January 30, 2026, and argued on February 19, 2026.

9

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, the imposition of costs is appropriate and required under Rule 37. Plaintiff was compelled to expend time and resources in a futile attempt to secure Defendants' compliance to produce discovery that should have been disclosed. Defendants do not offer substantial justification or other circumstances to excuse their noncompliance. As such, an award of fees is appropriate under the circumstances. *See Stavola v. Macro Digital Tech. Corp.*, No. 24-cv-00026 (GRB) (JMW) , 2025 WL 2240297, at *7 (E.D.N.Y. Aug. 6, 2025) (granting motion to compel discovery responses and determining an award of attorneys fees was appropriate in light of the time spent meeting with opposing counsel, addressing extensions of time to respond to interrogatories, and filing the motion to compel); *see also Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162-63 (S.D.N.Y. 2012) (ordering plaintiff to pay reasonable attorneys' fees and costs incurred in making the motion to compel and costs associated with the additional discovery); *Adler*, 2025 WL 2614993, at *9 (granting fees for a discovery motion). Moreover, counsel for Defendants points to no "substantial justification" or "other circumstances" as to why an award of costs and fees incurred in bringing the motion for discovery sanctions would be unjust. *See Sadowski v. Yeshiva World News, LLC*, No. 21-cv-7207 (AMD) (MMH), 2023 WL 6812273, at *2 (E.D.N.Y. Oct. 16, 2023) (quoting *Republic of Guatemala v. IC Power Asia Dev. Ltd.*, No. 22-cv-394 (CM) (JW), 2023 WL 3294277, at *3 (S.D.N.Y. May 5, 2023) (determining plaintiff was entitled to reasonable attorney's fees where there was "nothing to suggest" substantial justification or "that any other circumstances exist that would make an award of fees unjust")). Accordingly, Plaintiff is entitled to reasonable attorneys' fees and expenses incurred in bringing this motion. *See Hunter v. City of New York*, No. 12-CV-

6139 (MKB), 2021 WL 4942769, at *8 (E.D.N.Y. Oct. 22, 2021) (granting a sanctions motion and thereafter awarding attorneys' fees). Counsel for Plaintiff is directed to submit a declaration or affidavit setting forth the basis for costs and attorneys' fees, with the appropriate supporting documentation.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Discovery Sanctions (ECF No. 189) is **GRANTED**. In addition,

1. Defendants are compelled to produce the outstanding discovery by **March 6, 2026**, and file a letter on ECF confirming their compliance.

2. Counsel for Plaintiff is directed to submit an attorney's affidavit or declaration setting forth the basis for costs and attorney's fees, with the appropriate supporting documentation, on or before **February 27, 2026**;

3. Any opposition to the fees requested shall be filed on or before **March 6, 2026.**

Dated: Central Islip, New York
        February 19, 2026

SO ORDERED:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

11