UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DONTRA BALLARD,

        *Plaintiff,*

        -against-

JAMES DZURENDA, *Sheriff, et al.,*

        *Defendants.*
-------------------------------------------------------------------X

**FILED
CLERK**

**3/10/2026**

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**ORDER**

20-cv-05241 (MKB) (JMW)

**WICKS,** Magistrate Judge:

Plaintiff Dontra Ballard ("Plaintiff") commenced this action, initially pro se, asserting three causes of action against the Defendants[1] (the "Defendants") for excessive force, deliberate indifference, and cruel and unusual punishment in violation of the Eighth Amendment for the alleged incidents that occurred at the Nassau County Correctional Center ("NCCC"). (*See* ECF Nos. 60, 161.) Plaintiff appeared pro se for almost five years, but in August of 2025, counsel filed an appearance on behalf of Plaintiff. Since counsel recently appeared in this matter on behalf of Plaintiff, the Court allowed further limited discovery. (*See* ECF Nos. 136, 182.) However, as discovery was not produced, Plaintiff sought discovery sanctions. (ECF No. 189.) On February 19, 2026, this Court granted Plaintiff's Motion for Discovery Sanctions against Defendants for their failure to produce discovery in accordance with this Court's September 1,

---

[1] Defendants include (i) Sheriff James Dzurenda, (ii) Captain Donnahue, and (iii) the following Special Emergency Response Team ("SERT") offers: Sergeant Peter Lilli, Shield #139; Corporal Emmanuel Boudouris, Shield # 370; Corporal Robert Imhof, Shield #296; Corrections Officer Paul Voight, Shied #2159; Corrections Officer Mathew Grange, Shield # 2619; Corrections Officer Alfonzo Incammaicia, Shield #2723; Corrections Officer Robert Murray, III, Shield #2897; Corrections Officer Joseph Greco, Shield # 2719; Corrections Corporal Joseph Ganun, Shield #358; Corrections Officer Kieran Kirk, Shield # 3063; and Corrections Officer Brian Herold, Shield # 3186.

1

2025 Order ("September Order") setting the final discovery deadline. *See Ballard v. James Dzurenda, Sheriff, et al.*, No. 20-CV-05241 (MKB) (JMW), 2026 WL 472575, at *1 (E.D.N.Y. Feb. 19, 2026) ("February Order"). Specifically, in the February Order, the Court determined that "Plaintiff is entitled to reasonable attorneys' fees and expenses incurred in bringing this motion," and directed counsel for Plaintiff to "submit a declaration or affidavit setting forth the basis for costs and attorneys' fees, with the appropriate supporting documentation." *Id.* at *5.

Before the Court is Plaintiff's application for attorneys' fees in connection with the February Order in which Plaintiff requests a total of $41,145.00 in connection with "enforcing Plaintiff's rights and remedies in this matter." (ECF No. 194.) Though afforded the opportunity to oppose this motion (*see Ballard*, 2026 WL 472575, at *6), Defendants chose not to do so. For the following reasons, the Court awards fees to Plaintiff's counsel in the amount of $28,689.50.

## DISCUSSION

Having already determined that attorneys' fees and expenses incurred in bringing the prior motion for sanctions is the appropriate discovery sanction under Rule 37 for Defendants' non-compliance with the Court's September Order, the Court must determine the reasonable fee to be awarded to Plaintiffs' counsel. *See Hunter v. City of New York*, No. 12-CV-6139 (MKB), 2021 WL 4942769, at *8 (E.D.N.Y. Oct. 22, 2021) (granting a sanctions motion and thereafter awarding attorneys' fees); *H.B. v. Cnty. of Suffolk*, No. 24-CV-07067 (SJB) (JMW), 2026 WL 111676, at *2 (E.D.N.Y. Jan. 15, 2026) (finding plaintiffs were entitled to fees incurred in bringing the prior motion to compel and then analyzing the reasonableness of the requested fees).

"Where Rule 37 expenses are awarded they must be reasonable. A reasonable award reflects the result of the 'lodestar' analysis, i.e., the product of a reasonable hourly rate (which rate reflects the hourly rate in the District for similar cases) and the reasonable number of hours

2

spent on the tasks for which expenses are sought." *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022). This presumptively reasonable fee is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted).

"The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at *2 (E.D.N.Y. Dec. 22, 2021) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184, 186 n.3, 190 (2d Cir. 2008)). Once a reasonable hourly rate is determined, the Court must then "multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *Id.* (referencing *Arbor Hill*, 522 F.3d at 190). When analyzing an application for attorneys' fees, "excessive, redundant or otherwise unnecessary hours" will be excluded. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-35, 440 (1983)).

"Additionally, the party seeking expenses must support the award sought with the submission of contemporaneous time records reflecting the hours for each professional, the date and number of hours each spent, and a description of the work performed." *Jackson*, 602 F. Supp. 3d at 356. Here, Plaintiff's submitted invoices reflecting actual hours spent spanning from October 22, 2025 to February 20, 2026, indicating the amount of hours expended, listing a

3

description for each task billed for, and noting the attorney performing the work and at the respective hourly rates.

### i.    <u>**Reasonable Hourly Rate**</u>

Plaintiff's counsel requests the Court award $41,145.00 reflecting the work spent by six attorneys, four from the firm of King & Spalding LLP ("King and Spalding") and two attorneys from the firm of Wertheimer Fleder LLP ("Wertheimer Fleder"). (*See* ECF No. 194 at 3-5.) The team from King and Spalding are as follows.

*First*, **Leigh Nathanson** ("Nathanson") is a partner in the Business Litigation group with over fifteen years of experience in complex matters and has lowered her rate to $650.00 for this matter to conform to this District's forum rate. (*Id.* at ¶ 14(a).) Nathanson's requested rate is reasonable. *See Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025) ("Adjusted for inflation and market conditions, I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners…"); *Doe v. Gonzalez*, No. 21-CV-04580(JS)(LGD), 2024 WL 2795216, at *2 (E.D.N.Y. May 21, 2024) (noting that "[p]recedent in the Second Circuit suggests that a reasonable hourly rate for a civil rights attorney can range from $250 to $650, with rates clustering around $450 per hour for experienced attorneys in garden variety civil rights cases."); *see also Perkowski v. Town of Brookhaven*, No. 18-CV-5480 (NRM) (LGD), 2023 WL 5510639, at *4 (E.D.N.Y. Aug. 25, 2023) (quoting *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012) ("The highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields.")).

*Second*, Aishling Fitzpatrick ("Fitzpatrick") is a senior associate in the Business Litigation group as well as an adjunct professor at Fordham University School of Law and has

litigated complex commercial matters in both state and federal courts since her admission to the bar.[2] (ECF No. 194 at ¶ 14(b).)  Her discounted rate is $350.00. (*Id.*)

*Third*, Marisa Manzi ("Manzi") is a senior associate in the Business Litigation group, who was a previous judicial law clerk in the District of New Jersey and focuses on complex commercial litigation. (*Id.* at ¶ 14(c).)  Her discounted rate is $350.00. (*Id.*)  The rates of Fitzpatrick and Manzi are reasonable in this District. *See Rubin*, 763 F. Supp. 3d at 245 (awarding senior associates a rate of $350.00); *see also Shah v. Liston*, No. 18-CV-4625 (ST), 2025 WL 2773070, at *7 (E.D.N.Y. Sept. 29, 2025) (discussing the forum rates).

*Fourth*, Annie Somerville ("Somerville") is a junior associate in the Business Litigation group and previously was a judicial law clerk in the Northern District of Alabama. (ECF No. 194 at ¶ 14(d).)  Her discounted rate is $200.00. (*Id.*)  This hourly rate is reasonable in this District. *See Hunter*, 2021 WL 4942769, at *5 (collecting cases on reasonable junior associate rates in the District of $275.00 to $300.00).

Next, the team from Wertheimer Fleder are as follows. *First*, Joel Wertheimer ("Wertheimer") is the founding partner of the firm with over fifteen years of civil rights and complex litigation experience in both private practice and public service. (ECF No. 194 at ¶ 15(a).)  His forum discounted rate is $650.00. (*Id.*) *Second*, Mara Fleder ("Fleder") is also the founding partner of the firm with over ten years of experience in civil rights, family defense, and government misconduct cases. (*Id.* at ¶ 15(b).)  Her forum discounted rate is $650.00. (*Id.*)  For the reasons discussed above, that Nathanson's hourly rate is reasonable, the same applies for Wertheimer and Fleder. *See Claud v. Brown Harris Stevens of Hamptons, LLC*, No. 18-CV-01390, 2024 WL 245261, at *5 (E.D.N.Y. Jan. 23, 2024), *appeal withdrawn sub nom. Claud v.*

---

[2] Fitzpatrick graduated Fordham university School of Law in 2020, but it is unclear when she was admitted to the bar. (ECF No. 194 at ¶ 14(b).)

*Brown Harris Stevens Residential Sales, LLC*, No. 24-584, 2024 WL 5445025 (2d Cir. May 15, 2024) (granting hourly rates of "'high $500s' to the 'low $600s' to civil rights attorneys").

Accordingly, the rates of all six attorneys are reasonable and in line in with this District's forum rule and considering their backgrounds and experiences.

### ii.    Reasonable Hours Billed

After determining the appropriate hourly billing rate, the Court must then calculate the hours reasonably expended. *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (E.D.N.Y. May 14, 2012). In making this determination, "[t]he relevant issue ... is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). As such, courts consider attorneys' hours "in light of the extent and nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017). Courts also look to what is billed and whether the work performed is in connection with the instant motion for attorneys' fees. *See Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1770553, at *3-4 (E.D.N.Y. June 26, 2025) ("discretion lies with the Court to reduce fees, where entries are broad, or an attorney uses block billing methods … [and] "the work performed []appears reasonably related to the instant motion for attorneys' fees").

Here, counsel for Plaintiff seeks attorneys' fees for a total of 96.6 hours totalling $41,145.00 that have been spent "over the course of 5 months on tasks caused and necessitated by Defendants' sanctioned discovery misconduct, including monthslong efforts to enforce Defendants' discovery obligations both with opposing counsel and in Court." (ECF No. 194 at 3, 8.) Prior to reviewing the billing records and determining reasonableness as to the hours, the

6

Court's February Order stated that Plaintiff is entitled to reasonable attorneys' fees and expenses incurred in bringing the motion for sanctions. Therefore, the Court will only review, and award hours spent in connection with that motion. Summarized below are the total hours spent.

| Attorney: | Hourly Rate: | Hours Billed: |
|---|---|---|
| Leigh Nathanson | $650.00 | 22.7 |
| Aishling Fitzpatrick | $350.00 | 23.8 |
| Marisa Manzi | $350.00 | 24.6 |
| Annie Somerville | $200.00 | 11.1 |
| Mara Fleder | $650.00 | 6.55 |
| Joel Wertheimer | $650.00 | 0.3 |
| Total: | _____ | 89.05 |

The above attorneys spent collectively 89.05 hours from November 5, 2025 to February 20, 2026, communicating with their client and counsel for Defendants about their non-production, researching appropriate discovery sanctions under Rule 37, preparing the motion for discovery sanctions, and filing the appropriate motion papers and documents with the Court, as well as attending the oral argument on the motion for sanctions. (*See* ECF Nos. 194-1, 194-2.) Further, majority of the descriptions are detailed enough so as to specify the description of the work performed. However, there are some redundant, excessive, or otherwise unnecessary time entries.

For example, many entries of Fitzpatrick and Manzi are redundant. Both senior associates revised letters to the Court multiple times (*see* ECF No. 194-1 at 3), and later with Nathanson made multiple revisions to the letter motion for sanctions, which was not a complex or novel issue consisting of a final letter motion of six pages (*see id.* at 4-5; ECF No. 189). The same

7

continued for the reply letter. (*See* ECF No. 194-1 at 5-6.)  Considering the experience of senior associates and partners drafting such motions, the billing for letter motions should not be excessive. *See Zama Cap. Advisors LP & Zama Cap. Strategy Advisors LP v. Universal Ent. Corp.*, No. 24-CV-01577 (MKV), 2025 WL 3525044, at *7 (S.D.N.Y. Dec. 9, 2025) (reducing the fee award by 40% and discussing that "having seven attorneys, including two partners, draft a fairly straightforward motion [for sanctions] is arguably excessive"); *see also StoneX Grp., Inc. v. Shipman*, No. 23-CV-00613 (JGK) (VF), 2025 WL 1212165, at *7 (S.D.N.Y. Apr. 25, 2025) (discussing that senior associates and lead attorneys should not bill excessive amounts of time on motions for sanctions that "given their levels of experience" could certainly be completed in less time and efficiently). Accordingly, the Court finds a 20% reduction for the senior attorneys at the firm of King and Spalding to be fair and reasonable under the circumstances.

Likewise, almost ninety hours spent in connection with a discovery sanctions motion appears excessive, does so to other Courts that have found the same. *See e.g., Novick v. AXA Network, LLC*, No. 07-CV-7767 (AKH)(KNF), 2013 WL 6508498, at *3 (S.D.N.Y. Dec. 11, 2013) (awarding over $14,000 in attorneys' fees relating to plaintiff's motion for sanctions); *Laboy v. Quality Auto. Servs., Inc.*, No. 21-CV-2501 (NRM)(RML), 2024 WL 472983, at *3 (E.D.N.Y. Feb. 7, 2024) (collecting cases) (finding that 58.4 hours was reasonable in connection with defendants' sanctionable conduct of failing to comply with multiple court orders); *China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21-CV-10911 (VM) (VF), 2025 WL 2466633, at *8 (S.D.N.Y. May 22, 2025), *report and recommendation adopted*, No. 21 CV 10911(VM), 2025 WL 3204368 (S.D.N.Y. Nov. 17, 2025) (collecting cases on what has been found reasonable for time spent on a motion for sanctions, which ranged from 24 to 36 hours with little to no exceptions for excessive hours).

Moreover, block billing is generally not permissible, absent some exceptions that are not presented here. *See Gym Door Repairs, Inc. v. Total Gym Repairs*, No. 15-CV-4244 (JGK) (OTW), 2023 WL 6519626, at *14 (S.D.N.Y. Mar. 31, 2023), *report and recommendation adopted sub nom. Gym Door Repairs v. Total Gym Repairs*, No. 15-CV-4244 (JGK), 2023 WL 6390156 (S.D.N.Y. Sept. 29, 2023) (discussing limited exceptions). The concept behind this is that due to "the block billing, or the intertwined nature of the work, the Court cannot parse such entries and … award [] fees for these time entries." *Pagano v. HN & Sons LLC*, No. 22-CV-4897 (BMC) (VMS), 2025 WL 3460470, at *4 (E.D.N.Y. Aug. 28, 2025). Here, both Fitzpatrick and Fleder have on the day of oral argument (February 19, 2026) entered a four-hour entry consisting of traveling, attending the hearing, and other associated tasks. (*See* ECF Nos. 194-1 at 6; 194-2 at 2.) Travel time entries will be deducted as those types of entries should not be included in a fee award. *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 345 n.6 (S.D.N.Y. 2016) (reducing travel time from the fee award and stating such expenses should not fall on the sanctioned party). Indeed, the oral argument itself was only fifteen minutes as evidenced by the record. (*See* Electronic Order dated 2/19/2026.) However, the Court will award half an hour of time towards that given that some minutes could have been off the record for setting up accommodations to allow Defendants to appear via telephone.

The Court, therefore, finds that 81.75 hours expended to be a reasonable amount and that a 20% reduction for the senior attorneys of King and Spalding is appropriate here, as summarized below.

| Attorney: | Hourly Rate: | Hours Billed: | Hours Awarded: | Amount: | Fee Award after 20% Reduction: | Final Fee Award: |
|---|---|---|---|---|---|---|
| Leigh Nathanson | $650.00 | 22.7 | 22.7 | $14,755.00 | $11,804.00 | $11,804.00 |

| Aishling Fitzpatrick | $350.00 | 23.8 | 20 | $7,000.00 | $5,600.00 | $5,600.00 |
|---|---|---|---|---|---|---|
| Marisa Manzi | $350.00 | 24.6 | 24.6 | $8,610.00 | $6,888.00 | $6,888.00 |
| Annie Somerville | $200.00 | 11.1 | 11.1 | $2,220.00 | _____ | $2,220.00 |
| Mara Fleder | $650.00 | 6.55 | 3.05 | $1,982.50 | _____ | $1,982.50 |
| Joel Wertheimer | $650.00 | 0.3 | 0.3 | $195.00 | _____ | $195.00 |
| **Total:** _____ | | 89.05 | 81.75 | $34,762.50 | | $28,689.50 |

## CONCLUSION

For the foregoing reasons, Plaintiff's counsel is awarded attorneys' fees in the amount of

$28,689.50.

Dated:   Central Islip, New York
         March 10, 2026

**S O   O R D E R E D:**

/s/ *James M. Wicks*
      JAMES M. WICKS
United States Magistrate Judge

10